

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

JERRY ARNOLD,

    Plaintiff,

VS.                     No. 05-1238-T/An

CHESTER COUNTY, ET AL.,

    Defendants.

---

## ORDER ASSESSING $250 FILING FEE
## ORDER OF DISMISSAL
## ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
## AND
## NOTICE OF APPELLATE FILING FEE

---

Plaintiff Jerry Arnold, Tennessee Department of Correction prisoner number 385074, who is currently an inmate at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on August 25, 2005 in connection with his previous confinement at the Chester County Jail ("Jail"). The Clerk shall record the defendants as Chester County[1] and Chester County Sheriff Mark Davidson.

I.    Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[2]

---

[1]  The Court construes the plaintiff's allegations against the Jail as an attempt to assert a claim against Chester County.

[2]  Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, the plaintiff has properly completed and submitted an *in forma pauperis* affidavit containing a certification by the trust fund officer and a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account, and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $250 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the

last payment under this order and file it with the Clerk along with the payment. All payments and account statements shall be sent to:

> Clerk, United States District Court, Western District of Tennessee, 262 U.S. Courthouse, 111 S. Highland Ave., Jackson, TN 38301

and shall clearly identify plaintiff's name and the case number on the first page of this order.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order. If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the warden of the WCF to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees. However, the Clerk shall not issue process or serve any other papers in this case.

II.   Analysis of Plaintiff's Claims

The complaint alleges that, on August 12, 2004, the plaintiff was returning from court with his hands and feet shackled in restraints, fell down some steps at the Jail, and was knocked unconscious. Defendant Davidson allegedly revived the plaintiff and escorted him to his cell rather than obtaining medical attention for him. The plaintiff allegedly sustained injuries to his chest, neck, and back. He was examined by a doctor on August 25, 2004, who prescribed Celebrex and penicillin and told him that he would have to take medication for the rest of his life.

Plaintiff was allegedly taken to the emergency room at the McNairy County Hospital on September 25, 2004 due to pain in his chest and back. The doctor administered a shot to relieve the pain. The plaintiff seems to contend that this emergency room visit was connected to the fall the plaintiff sustained on August 11, 2004.

The plaintiff alleges he is still undergoing pain and anguish due to the fall. He also alleges that the failure to provide him with medical care for two weeks after the fall violated the Eighth Amendment. Plaintiff seeks monetary compensation.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

    (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is subject to dismissal in its entirety.[3]

First, a one-year statute of limitations is applicable to § 1983 actions in Tennessee. Tenn. Code Ann. § 28-3-104(a); see Wilson v. Garcia, 471 U.S. 261, 266-268 (1985); Berndt v. Tennessee, 796 F.2d 879 (6th Cir. 1986). The complaint alleges that the injury occurred on August 12, 2004. The complaint in this case was filed on August 25, 2005 and, even if the complaint is deemed to have been filed on August 22, 2005, the date it was signed, see Houston v. Lack, 487 U.S. 255 (1988), the claims relating to the fall and the failure to afford him medical attention from the date of the fall until August 22, 2004 are plainly time barred.

_____

[3] Although the Court ordinarily considers the plaintiff's compliance with 42 U.S.C. § 1997e(a) as a threshold issue, in this case the complaint alleges that the Jail does not have an inmate grievance procedure.

4

The complaint also does not sufficiently allege an Eighth Amendment claim due to the fall or any deficiencies in the medical treatment afforded the plaintiff.[4] The Eighth Amendment prohibits cruel and unusual punishment. See generally Wilson v. Seiter, 501 U.S. 294 (1991).  An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson, 501 U.S. at 298; Brooks v. Celeste, 39 F.3d 125, 127-28 (6th Cir. 1994); Hunt v. Reynolds, 974 F.2d 734, 735 (6th Cir. 1992). The objective component requires that the deprivation be "sufficiently serious." Farmer, 511 U.S. at 834; Hudson, 503 U.S. at 8; Wilson, 501 U.S. at 298.  The subjective component requires that the official act with the requisite intent, that is, that he have a "sufficiently culpable state of mind." Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 297, 302-03.

In order to satisfy the objective component of an Eighth Amendment claim, the plaintiff must show that he "is incarcerated under conditions posing a substantial risk of serious harm," Farmer, 511 U.S. at 834; Stewart v. Love, 796 F.2d 43, 44 (6th Cir. 1982), or that he has been deprived of the "minimal civilized measure of life's necessities," Wilson, 501 U.S. at 298 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  The Constitution "'does not mandate comfortable prisons.'" Wilson, 501 U.S. at 298 (quoting Rhodes, 452 U.S. at 349).  Rather, "routine discomfort 'is part of the penalty that criminal offenders pay for their offenses against society.'" Hudson, 503 U.S. at 9 (quoting Rhodes, 452 U.S. at 347).

---

[4] Convicted inmates' rights stem from the Eighth Amendment, while pre-trial detainees' rights stem from the Fourteenth Amendment. Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). However, the scope of a detainee's Fourteenth Amendment rights are equivalent to that of a convicted inmate under the Eighth Amendment. Thompson, 29 F.3d at 242; Roberts, 773 F.2d at 723; see also Rankin v. Klevenhagen, 5 F.3d 103, 107 (5th Cir. 1993). In this case, it is unclear whether the plaintiff was a pretrial detainee at the time of the incident in question. As the scope of his rights are equivalent in any event, the Court will analyze his claims under Eighth Amendment principles.

In considering the types of conditions that constitute a substantial risk of serious harm, the Court considers not only the seriousness of the potential harm and the likelihood that the harm will actually occur, but evidence that unwilling exposure to that risk violates contemporary standards of decency, *i.e.*, that society does not choose to tolerate this risk in its prisons. Helling v. McKinney, 509 U.S. 25, 36 (1993). In this case, nothing in the complaint indicates that the plaintiff's fall was the result of any condition that would satisfy the objective component of an Eighth Amendment claim. Moreover, the complaint alleges no facts that suggest that the plaintiff was materially injured by the failure to provide him with medical attention in the immediate aftermath of the fall or that, if only he had received prompt medical attention, his prognosis would have been better.

The complaint also does not establish the subjective component of an Eighth Amendment violation. To establish liability under the Eighth Amendment for a claim based on failure to prevent harm to a prisoner, a plaintiff must show that the prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. Farmer, 511 U.S. at 834; Helling v. McKinney, 509 U.S. 25, 32 (1993); Woods v. Lecureux, 110 F.3d 1215, 1222 (6th Cir. 1997); Street v. Corrections Corp. of Am., 102 F.3d 810, 814 (6th Cir. 1996); Taylor v. Michigan Dep't of Corrections, 69 F.3d 76, 79 (6th Cir. 1995). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835. Thus:

> [a] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Eighth Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common

6

law reflects such concerns when it imposes tort liability on a purely objective basis.
. . . But an official's failure to alleviate a significant risk that he should have
perceived but did not, while no cause for commendation, cannot under our cases be
condemned as the infliction of punishment.

Id. at 837-38 (emphasis added; citations omitted); see also Lewellen v. Metropolitan Gov't of

Nashville & Davidson County, 34 F.3d 345, 348 (6th Cir. 1994) ("[T]he defendants obviously did

not make a deliberate decision to inflict pain and bodily injury on the plaintiff. The defendants may

have been negligent, but it is now firmly settled that injury caused by negligence does not constitute

a 'deprivation' of any constitutionally protected interest.").

        In this case, the complaint alleges, at most, that some person was negligent in escorting the

plaintiff down a flight of stairs, that defendant Davidson was negligent in failing to realize that the

plaintiff needed immediate medical attention, and that a doctor, who is not a party to this action,

improperly treated the plaintiff for the injuries he sustained in the fall. Nothing in the complaint

suggests that any defendant's conduct rose to the level of deliberate indifference.

        The Court therefore DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) and § 1915A(b)(1), for failure to state a claim on which relief may be granted.

III.    Appeal Issues

        The next issue to be addressed is whether plaintiff should be allowed to appeal this decision

in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in

forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith

standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is

not taken in good faith if the issue presented is frivolous. Id. Accordingly, it would be inconsistent

for a district court to determine that a complaint should be dismissed prior to service on the

defendants, yet has sufficient merit to support an appeal in forma pauperis. See Williams v.

Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[5]  In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA.  Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(a)-(b).

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by this plaintiff, this is the first dismissal in this district of one of his cases as frivolous or for failure to state a claim.

IT IS SO ORDERED this 27th day of October, 2005.


James D. Todd
JAMES D. TODD
UNITED STATES DISTRICT JUDGE


---

[5]  Effective November 1, 2003, the fee for docketing an appeal is $250.  See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in
case 1:05-CV-01238 was distributed by fax, mail, or direct printing on
October 28, 2005 to the parties listed.

---

Jerry Arnold
Whiteville Correctional Facility
385074
PO Box 679
Whiteville, TN 38075

Honorable James Todd
US DISTRICT COURT